UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK ANTHONY ANDERSON,<br><br>       Plaintiff,<br><br>  -against-<br><br>LA CRESCENT POLICE DEPARTMENT;<br>LUKE AHLSCHLAGER,<br><br>       Defendants. | 23-CV-8027 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who resides in Queens County, New York, proceeds *pro se*. He brings this action against the La Crescent Police Department, and one of its police officers, Luke Ahlschlager, arising from events occurring in La Crescent, Minnesota. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Minnesota.

## DISCUSSION

  Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

  A "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" is deemed to reside in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's complaint sets forth the following. On February 1, 2021, in La Crescent, Minnesota, Plaintiff called 911 because a friend of his had suffered an overdose. The police arrived, and took Plaintiff's friend to the hospital. Officer Ahlschlager grabbed Plaintiff's arm and questioned him. Plaintiff, who is schizophrenic, was "very panic[k]ed and answering rapidly." (*Id.*) The police obtained a warrant to search Plaintiff's home, and thereafter arrested him and charged him with criminal possession of a controlled substance in the fifth degree. Plaintiff was "jailed" and "institutionalized" for "a number of months." (*Id.*) Plaintiff seeks money damages. (*Id.* ¶ IV.)

Venue does not lie in this district under Section 1391(b). Plaintiff alleges that his claims arose in La Crescent, Minnesota, which also where Defendants are located.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Houston County, Minnesota, which is in the District of Minnesota, First Division. *See* 28 U.S.C. § 103(2). Accordingly, venue lies in the District of Minnesota, 28 U.S.C. § 1391(b)(2), (e)(B), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Minnesota, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Minnesota. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 4, 2023
           New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                            Chief United States District Judge